■ ALAN HOCHBERG et al., Respondents, v CITY OF NEW YORK, Appellant. — Order of the Supreme Court, Bronx County (Anthony J. Mercorella, J.), entered on June 24, 1983, which granted plaintiff's motion to serve a late notice of claim *nunc pro tunc,* is reversed, on the law, the motion denied and the complaint dismissed, without costs or disbursements. ¶ On October 23, 1980 at approximately 2:30 A.M., plaintiff was driving his taxicab on the Bruckner Expressway when it developed a flat tire near the East 149th Street exit. He halted the vehicle in the far left lane of the highway to change the tire and use an emergency telephone located close by. When plaintiff stepped outside the taxi, it was struck from behind by another automobile, and plaintiff was purportedly injured. A police officer, responding to the accident, issued a traffic ticket to plaintiff for stopping to change a tire in violation of subdivision a of section 157 of the New York City Traffic Regulations. According to the accident report, the operator of the second vehicle, who did not receive a traffic ticket, stated that there were no lights on the taxi. Some five months after this incident, on March 24, 1981, and more than two months after the expiration of the 90-day period for service of a timely notice of claim, plaintiff served a notice of claim on defendant City of New York. Plaintiff alleged that the city had negligently failed to provide sufficient space near the

emergency telephone for a motorist to park a vehicle safely. ¶ Plaintiff served a summons and complaint upon defendant on December 23, 1981. On January 21, 1982, the year and 90-day period within which plaintiff might have sought leave to file a late notice of claim elapsed. The city answered the complaint on February 12, 1982 by denying all of the allegations contained therein. However, no objection was raised to the untimeliness of plaintiff's notice of claim. Examinations before trial were conducted in early 1983, and the city was furnished with medical reports and authorizations. It was not until March 9, 1983 that plaintiff moved for an order declaring the late notice of claim to be timely service *nunc pro tunc* or, alternatively, for leave to file a late notice of claim. Special Term granted the motion over the city's opposition to the extent of allowing the plaintiff to serve a late notice of claim *nunc pro tunc*, concluding that defendant had actual notice of the accident and would, therefore, not be prejudiced. ¶ Subdivision 5 of section 50-e of the General Municipal Law states that: "Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation." ¶ In *Pierson v City of New York* (56 NY2d 950, 954-955), the Court of Appeals, in construing subdivision 5 of section 50-e of the General Municipal Law, stated that: "the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled * * * This result is compelled by precedent, by sound principles of statutory interpretation, and by common sense. To permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the court to grant an extension which exceeds the Statute of Limitations, thus rendering meaningless that portion of section 50-e which expressly prohibits the court from doing so." ¶ In the instant case, the Statute of Limitations had already expired when the plaintiff's motion was submitted. The court, consequently, lacked authority to permit the service of a late notice of claim. (*Pierson v City of New York, supra; Silbernagel v City of New York,* 57 NY2d 691.) Moreover, even if the court had the power to grant plaintiff's application, no facts have been demonstrated here to indicate that defendant waived its right to raise as a defense the untimeliness of the notice of claim, particularly in view of the rule that equitable estoppel is not generally applicable to a municipal agency acting in a governmental capacity. (*Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88.) In that connection, the fact that defendant subsequently participated in discovery proceedings is not sufficient to overcome the clear statutory mandate of subdivision 5 of section 50-e of the General Municipal Law. Concur — Sandler, Milonas and Alexander, JJ.

Kupferman, J. P., concurs in a memorandum as follows: I can only concur on constraint. The facts, as set forth in the majority's memo, indicate why this must be. In this case the notice of claim is a mere technicality and to dismiss the complaint because of it does not serve justice.