■ MARION ROSAS, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants, et al., Defendant. — Order of the Supreme Court, New York County (Saxe, J.), entered September 12, 1984, denying defendant Manhattan and Bronx Surface Transit Operating Authority's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for, *inter alia,* leave to amend the complaint and for leave to serve a late notice of claim, nunc pro tunc, against defendant New York City Transit Authority, naming it as a proper party, reversed, on the law, plaintiff's cross motion denied, defendant's motion for summary judgment granted and the complaint dismissed, without costs.

Plaintiff, who was injured while disembarking from a bus owned and operated by the New York City Transit Authority (NYCTA), subsequently filed a notice of claim with, and served a summons and complaint upon, defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA). Although representatives of the NYCTA thereafter conducted a statutory hearing with regard to her claim and also communicated with her, on NYCTA stationery, regarding no-fault payments the NYCTA was making, plaintiff never served the NYCTA with a notice of claim or commenced an action against it. Two years after the accident, MABSTOA moved to dismiss the complaint for failure to state a cause of action inasmuch as it did not own or operate the bus upon which plaintiff was injured and was not, therefore, a proper party. The motion should be granted.

MABSTOA, a public authority corporation, and the NYCTA, a public benefit corporation, are distinct and separate entities. Under Public Authorities Law § 1212 (2), plaintiff had one year and 120 days from the date of the accident in which to commence an action against the NYCTA or move for leave to serve a late notice of claim. Plaintiff's cross motion for such relief made in response to MABSTOA's motion for summary judgment was therefore untimely. Furthermore, under the circumstances presented, plaintiff's argument that the NYCTA and MABSTOA should be estopped from raising the Statute of Limitations and plaintiff's noncompliance with applicable notice of claim provisions must fail. (*Luka v New York City Tr. Auth.,* 100 AD2d 323, *affd on opn below* 63 NY2d 667.) The complaint should be dismissed. Concur — Murphy, P. J., Asch and Bloom, JJ.

Kupferman, J., concurs in a separate memorandum as follows: I concur on constraint. (*See,* dissent in *Hochberg v City of New York,* 99 AD2d 1028, 1029.)