■ Sophie Fryczynski, Appellant, v Niagara Frontier Transportation Authority, Respondent.—Order and judgment reversed, on the law, without costs, motion denied, complaint reinstated, and new trial granted, in accordance with memorandum herein. All concur, Callahan, J. P., not participating. Memorandum: Plaintiff instituted this action against Niagara Frontier Transportation Authority (NFTA) to recover for personal injuries sustained when she fell from a bus. At the close of plaintiff's proof defendant moved for judgment on the ground that the bus was not owned by NFTA or driven by its employee, but was instead owned by Niagara Frontier Transit Metro System, Inc. (Metro), and driven by its employee. Metro is a wholly owned subsidiary of NFTA. While Metro has an independent personnel department, an independent purchasing department, and a different pension system from that of NFTA, Metro has no independent source of revenue, its budget is subject to NFTA approval, and its board of commissioners is identical to that of NFTA. In addition, the two entities share the same address. In response to defendant's motion, plaintiff cross-moved for leave to amend her complaint to add Metro as a defendant or, in the alternative, for an order estopping defendant from asserting that it does not own the bus or employ the driver. The court granted defendant's motion and dismissed the complaint.

NFTA should be estopped from contesting its ownership of the bus and employment of the driver. "[W]here a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised" (Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668). NFTA acted wrongfully in failing to take affirmative steps to notify plaintiff that she had sued the wrong entity (see, Bender v New York City Health & Hosps. Corp., supra; Finnegan v New York City Tr. Auth., NYLJ, Feb. 20, 1985, p 11, col 4, affd 111 AD2d 1082; cf. Luka v New York City Tr. Auth. 100 AD2d 323, affd for reasons stated below 63 NY2d 667; Rosas v Manhattan & Bronx Surface Tr. Operating Auth., 109 AD2d 647). First, in its verified bill of particulars, defendant particularized plaintiff's negligence as her failure to exercise due care when alighting from "one of defendant's buses, as alleged by the plaintiff." Second, defendant responded to plaintiff's notice for

deposition by producing the bus driver, ostensibly as its employee (CPLR 3101 [a] [1]). Third, during the deposition proceedings defendant's attorney failed to correct the misconception about its status in the lawsuit despite several opportunities to do so. When plaintiff's attorney asked the bus driver by whom he was employed, he responded "NFTA" (cf. *Luka v New York City Tr. Auth.,* 63 NY2d 667, *affg for reasons stated below* 109 AD2d 647, *supra).* The driver and plaintiff's attorney referred interchangeably to NFTA, NFT Metro, and Metro as owner of the bus and employer of the driver yet defendant's attorney did nothing to correct these inaccuracies. Not until trial, over two years after the Statute of Limitations had run, did defendant assert that it was not the owner of the bus. Defendant thereby obtained an unfair advantage for its subsidiary by misleading plaintiff into allowing the statute to run. In view of the subsequent misstatements and omissions of material fact, defendant's general denial of the comprehensive allegations of plaintiff's complaint was not sufficient to put plaintiff on notice that defendant was not the proper party to the action (cf. *Luka v New York City Tr. Auth., supra).* Similarly, plaintiff's application for no-fault benefits on forms preprinted with the name of Niagara Frontier Transit Metro Systems, Inc., does not sufficiently weigh in favor of defendant on the issue of estoppel (cf. *Rosas v Manhattan & Bronx Tr. Operating Auth.,* 109 AD2d 647, *supra).* (Appeal from order and judgment of Supreme Court, Erie County, Cook, J.—negligence.) Present—Callahan, J. P., Denman, O'Donnell, Pine and Schnepp, JJ.