■ CAROLYN WASHINGTON, as Administratrix of the Estate of FLETCHER WASHINGTON, JR., Deceased, Respondent, v BROOKDALE HOSPITAL et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.—In a wrongful death action, the defendant New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Kings County (McBrien, J.), dated June 25, 1985, which granted that branch of the plaintiff's motion which sought to amend a previously served notice of claim, summons and complaint, by deleting the name Kings County Hospital and inserting the New York City Health and Hospitals Corporation as the proper party defendant therein, said amendment taking effect nunc pro tunc.

Ordered that the order is reversed, on the law, with costs or disbursements, and the motion is denied.

The plaintiff timely served a notice of claim, summons and complaint upon Kings County Hospital. Approximately six months after being advised by the Corporation Counsel of the City of New York that Kings County Hospital was "a jurisdictional non-entity", the plaintiff moved for an order permitting her to serve and file a late notice of claim against the New York City Health and Hospitals Corporation, nunc pro tunc, or amending her previously served notice of claim, summons and complaint to substitute the New York City Health and Hospitals Corporation for Kings County Hospital.

The plaintiff failed to make the New York City Health and Hospitals Corporation a party to her application (see, *Marku v City of New York*, 86 AD2d 601). What is more, she also failed to include a copy of the proposed amended notice of claim, summons and complaint with her motion papers, as a consequence of which the New York City Health and Hospitals Corporation did not receive a copy of the summons and complaint until after Special Term decided the motion.

Prior to Special Term's determination in this case, the Statute of Limitations expired. Special Term could not, by ordering the summons and complaint served nunc pro tunc, grant the plaintiff permission to serve an amended notice of claim, summons and complaint after the expiration of the Statute of Limitations and Special Term had no jurisdiction to substitute a nonparty, which had not been given notice of the application, for a party (see, *Gagliardi v New York City Hous. Auth.*, 88 AD2d 610; *Gold v City of New York*, 80 AD2d 138). Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.