(February 3, 1987)

■ Sam Henderson et al., Respondents, v City of New York, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Michael Dontzin, J.), entered July 25, 1985, which denied defendant City of New York's motion to dismiss the complaint for failure to timely served a notice of claim and *sua sponte* deemed the late notice of claim timely served, nunc pro tunc, reversed, on the law, and the City of New York's motion to dismiss the complaint granted, without costs.

Plaintiff seeks recovery for injuries he suffered as the result of a collision between two City of New York Department of Sanitation trucks on March 18, 1983.

Plaintiff Sam Henderson did not serve a notice of claim upon the city until November 1983, eight months after the incident. His wife, plaintiff Betty Henderson, who sues for loss of services, served a notice of claim in January 1984. Thereafter, the plaintiffs commenced this personal injury action by service of a summons and verified complaint on February 7, 1984. The complaint erroneously alleged that the notices of claim were served within the statutory 90-day period. The city denied this allegation in its answer.

Only in April 1985, after the Statute of Limitations had expired, did the city make the instant motion to dismiss the complaint upon the ground that no timely notices of claim had been filed and no timely application for permission to file late notices of claim had been made.

The Court of Appeals has made clear, in remarkably similar circumstances that as a matter of law a court lacks the power to grant an extension of time to file a notice of claim after the Statute of Limitations expires, notwithstanding that the city may have otherwise received notice of the occurrence within

the statutory period. *(Hochberg v City of New York,* 63 NY2d 665, *affg on mem below* 99 AD2d 1028; *Pierson v City of New York,* 56 NY2d 950.) Accordingly, Special Term was without discretion to extend the time to file these notices of claim or to deem them to be timely filed nunc pro tunc and it erred in denying the motion to dismiss. (General Municipal Law § 50-e [5].) Concur—Murphy, P. J., Kassal, Ellerin and Wallach, JJ.