■ Michael F. Heenan, Respondent, v Roman Catholic Diocese of Rockville Centre et al., Appellants.—

On February 2, 1985, the plaintiff, a priest who was assigned to the Roman Catholic Church of Maria Regina, was

injured while using a snowblower on the church premises. The plaintiff commenced suit against the Roman Catholic Diocese of Rockville Centre, alleging that the snowblower was defective and that the diocese was negligent in maintaining the equipment. After the Statute of Limitations had expired, the plaintiff learned that the church, not the diocese, was, in fact, the owner of the snowblower and, thus, responsible for its maintenance. The plaintiff, therefore, sought leave to amend his complaint by adding the church as a party defendant. He alleged, in support of the motion, that the church and the diocese were "united in interest" (CPLR 203 [b]), and that the expiration of the Statute of Limitations did not serve to bar his claim against the church. The Supreme Court granted the plaintiff's motion and this appeal ensued.

We find that the Supreme Court erred in permitting the plaintiff to amend his complaint by adding a party against whom the Statute of Limitations had run. The record establishes that the diocese and the church are separate and distinct business entities (see, Capital Dimensions v Oberman Co., 104 AD2d 432, 433-434), whose affiliation is insufficient to establish a unity of interest for purposes of this lawsuit. Accordingly, interposition of the claim against the church cannot be deemed to relate back to the date upon which the diocese was served.

In view of the foregoing, the plaintiff's motion for leave to amend his complaint should have been denied. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.