■ ANNA REIS, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent.—Order of the Supreme Court, New York County (Edward H. Lehner, J.), entered on or about May 2, 1989, which granted defendant's motion for summary judgment dismissing the complaint pursuant to CPLR 3211 and 3212 and denied plaintiff's cross motion for leave to amend the complaint pursuant to CPLR 3025 to add the New York City Transit Authority as a party defendant, is unanimously affirmed, without costs or disbursements.

Plaintiff was injured while a passenger on a bus owned and operated by the New York City Transit Authority (NYCTA). Plaintiff served a notice of claim and summons and complaint on Manhattan and Bronx Surface Transit Operating Authority (MABSTOA).

MABSTOA and NYCTA are separate entities (*Rosas v Manhattan & Bronx Surface Tr. Operating Auth.,* 109 AD2d 647). Public Authorities Law § 1212 (2) requires that a tort action against the NYCTA be commenced within one year and 90 days of the date the cause of action accrued, or that the plaintiff move for leave to serve a late notice of claim within that same period. The court does not have the discretion to extend this statutory period of time (*Pierson v City of New York,* 56 NY2d 950). Therefore, plaintiff's cross motion was untimely.

Nor under these circumstances may the doctrine of equitable estoppel be invoked to overcome the constraints of *Pierson* (supra). This doctrine is applicable only "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice" (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; *Luka v New York City Tr. Auth.,* 100 AD2d 323, 325, affd 63 NY2d 667). Here, defendant did not act wrongfully or negligently but, instead, put plaintiff on notice that it was the wrong party, when it denied payment of plaintiff's medical claims because the injuries occurred not in the use and/or operation of its bus, well within the prescribed one-year-and-120-day statutory period. Concur—Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.