■ Janice Nowinski, Respondent, v City of New York et al., Defendants, and New York City Transit Authority, Appellant.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered on or about July 1, 1991, which, *inter alia,* granted the plaintiff's cross motion to amend the notice of claim, caption and summons and complaint nunc pro tunc to designate the New York City Transit Authority in lieu of the defendants Manhattan and Bronx Surface Transit Operating Authority and the Metropolitan Transportation Authority, unanimously modified, on the law and the facts, to deny the plaintiff's cross motion to amend the notice of claim, caption and summons and complaint, the complaint is dismissed, and otherwise affirmed, without costs.

The plaintiff instituted this action to recover damages for personal injuries allegedly sustained at the Times Square subway station, by serving a notice of claim on the Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA"), the Metropolitan Transportation Authority ("MTA") and the City. However, the New York City Transit Authority ("NYCTA") was the proper party to be served since it is a separate entity and bears responsibility for operating the subway stations in the City of New York (Public Authorities Law § 1201 *et seq.; Rosas v Manhattan & Bronx Surface Tr. Operating Auth.,* 109 AD2d 647).

The notice of claim was turned over to the NYCTA which issued a case number and notified the plaintiff that a hearing pursuant to General Municipal Law § 50-h would be held. The NYCTA conducted the hearing, sent the plaintiff a copy of the transcript and exchanged correspondence with her and her attorney on its own letterhead stationery. The NYCTA also sought a physical examination of the plaintiff.

The plaintiff then served a summons and complaint on MABSTOA, the MTA and the City, but again did not serve the NYCTA. In their answers, MABSTOA and the MTA denied that they owned, operated, controlled or maintained the subway station where the plaintiff was purportedly injured. The answers were served more than six months prior to the expiration of the Statute of Limitations. The NYCTA requested an extension of time to answer the complaint and the plaintiff signed the stipulation.

MABSTOA and the MTA thereafter moved for summary judgment dismissing the complaint against them. The plaintiff cross moved for an order amending the notice of claim, caption and summons and complaint nunc pro tunc to desig-

nate the NYCTA in lieu of MABSTOA, the MTA and the City. The plaintiff failed, however, to make the NYCTA a party to her cross motion. The Supreme Court dismissed MABSTOA and the MTA from the action but granted the plaintiff's cross motion concluding that the NYCTA was estopped by its actions from challenging the requested relief.

We disagree. The plaintiff's motion to serve a late notice of claim approximately three years after the accident was untimely, since the Statute of Limitations had already expired (Public Authorities Law § 1212 [2]; *Pierson v City of New York,* 56 NY2d 950; *Luka v New York City Tr. Auth.,* 100 AD2d 323, *affd* 63 NY2d 667). Moreover, the Supreme Court lacked jurisdiction to substitute the NYCTA, a nonparty which had not been provided with notice of the plaintiff's cross motion, for a party *(Washington v Brookdale Hosp.,* 126 AD2d 719; *Marku v City of New York,* 86 AD2d 601).

The record fails to support the plaintiff's contention that the NYCTA should be equitably estopped from challenging the amendments requested. The doctrine of equitable estoppel, which applies only "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice" *(Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668), is to be invoked sparingly and only under exceptional circumstances *(Luka v New York City Tr. Auth., supra).*

Rather than misleading the plaintiff, the actions of the NYCTA provided her with numerous indications that the wrong entities were being sued. Counsel for the plaintiff was notified that a hearing would be held with the NYCTA and communications were exchanged with that agency. In their answers, MABSTOA and the MTA denied that they owned, operated, maintained or controlled the area where the plaintiff was allegedly injured. Although counsel for the plaintiff alleges that the NYCTA counsel promised him that the NYCTA would agree to be substituted as a defendant in this action, a promise which the NYCTA denies, this promise was purportedly made after the Statute of Limitations had already expired. Therefore, the plaintiff could not have detrimentally relied on such a promise to induce her to relinquish a right which had already ceased to exist.

Since there is no basis for concluding that the conduct of the NYCTA lulled the plaintiff into a false sense of security, estoppel does not lie and the complaint should be dismissed *(Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492;

*Reis v Manhattan & Bronx Surface Tr. Operating Auth.*, 161 AD2d 288, *lv denied* 76 NY2d 707; *Peele v Manhattan & Bronx Surface Tr. Operating Auth.*, 160 AD2d 602; *Rosas v Manhattan & Bronx Surface Tr. Operating Auth., supra; Luka v New York City Tr. Auth., supra*). Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.