■ Ricky Baker, Appellant, v City of New York, Respondent. [671 NYS2d 663] —Order, Supreme Court, New York County (Louis York, J.), entered on or about October 1, 1997, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff did not serve a notice of his negligence claim against defendant City of New York, as required, within 90 days of the date on which his claim arose (see, General Municipal Law § 50-e [1] [a]), and did not timely move for leave to serve a late notice of claim within the applicable 1 year and 90 day statutory period (General Municipal Law § 50-e [5]), although plaintiff had knowledge of the City's error within that latter period. Since the serving of a notice of claim in accordance with the requirements of General Municipal Law § 50-e is a condition precedent to a tort action against defendant (General Municipal Law §§ 50-e, 50-i), the IAS Court correctly concluded that plaintiff's complaint must be dismissed (Hochberg v City of New York, 63 NY2d 665, affg for reasons stated at 99 AD2d 1028, 1029). In reaching this conclusion, the court properly rejected plaintiff's contention that the City should be equitably estopped from asserting that plaintiff had not interposed a timely notice of claim. Plaintiff's failure to move for leave to serve a late notice of claim within the statutory period was not

attributable to his having been affirmatively misled by defendant (see, Nowinski v City of New York, 189 AD2d 674). Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.