■ Andrew LoCiciro, Respondent, v Metropolitan Transportation Authority, Defendant, and Long Island Rail Road Company, Appellant. [733 NYS2d 477] —In an action to recover damages for personal injuries, the defendant Long Island Rail Road Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated October 10, 1999, as granted the plaintiff's cross motion for leave to amend the summons and complaint to designate it as a party defendant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

On March 10, 1998, at approximately 6:40 P.M., the plaintiff Andrew LoCiciro allegedly fell while he was descending a stairway located at the Amityville Long Island Rail Road (hereinafter LIRR) station and sustained injuries.

The plaintiff commenced this action against the defendant Metropolitan Transportation Authority (hereinafter the MTA) on November 10, 1998. Thereafter, the plaintiff's counsel received a letter dated November 12, 1998, from the Claims Service Bureau of New York, Inc. (hereinafter the CSB), advising counsel that the CSB was the LIRR's duly authorized representative.

The MTA, after serving its answer to the complaint on or about March 4, 1999, denying ownership or control of the LIRR station, moved for summary judgment dismissing the complaint. In its motion, the MTA maintained that its sole function with respect to public transportation was financing and planning, and that the LIRR, as owner of railroad facilities, was responsible for their operation and maintenance. The plaintiff cross-moved in May 1999 for leave to amend the summons and complaint to designate the LIRR as a party defendant after the expiration of the Statute of Limitations. The LIRR was not made a party to the cross motion. The plaintiff then filed an amended notice of cross motion and served it on the LIRR after the motion and cross motion were fully submitted.

The Supreme Court dismissed the complaint against the MTA and granted the plaintiff's cross motion to amend the complaint to designate the LIRR as a party defendant, finding that the LIRR would not be prejudiced by that amendment since it had actual notice of the plaintiff's claim.

The Supreme Court erred in granting the plaintiff leave to amend the summons and complaint by adding the LIRR as a party defendant. The plaintiff's motion to amend was untimely, as it was made after the expiration of the Statute of Limitations, and, thus, should have been denied (*see, Nowinski v City of New York,* 189 AD2d 674; *Heenan v Roman Catholic Diocese,* 158 AD2d 587). Moreover, the Supreme Court did not have the authority to add the LIRR as a party defendant since the LIRR was not served with a copy of the plaintiff's cross motion until after the motion and cross motion were fully submitted (*see, Nowinski v City of New York, supra*).

Contrary to the plaintiff's contention, the doctrine of equitable estoppel is inapplicable herein since neither the MTA, LIRR, nor CSB induced him to reasonably believe that he had brought suit against the proper party. The doctrine of equitable estoppel is only applicable "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice" (*Bender v New York City*

*Health & Hosps. Corp.,* 38 NY2d 662, 668; *Zaiman v Metropolitan Tr. Auth.,* 186 AD2d 555, 556). Moreover, that doctrine "is to be invoked sparingly and only under exceptional circumstances" (*Nowinski v City of New York, supra,* at 675).

Here, the correspondence from the CSB, as well as the answer by the MTA, should have placed the plaintiff's counsel on notice that he sued the wrong party.

The plaintiff's remaining contention is without merit. Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.