■ In the Matter of ROBERT ROMAINE et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [824 NYS2d 360]—

In a proceeding, inter alia, pursuant to CPLR article 78, in effect, to prohibit the respondent from mandating that members of the petitioner Local 106, Transport Workers Union (Transit Supervisors Organization) AFL-CIO, employed by nonparty Manhattan and Bronx Surface Transit Operating Authority as property protection supervisors, including but not limited to the petitioner Richard LaManna, attend, bring with them designated safety equipment, and participate in track safety training, the petitioners appeal from a judgment of the Supreme Court, Kings County (Jacobson, J.), dated March 1, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the respondent is prohibited from mandating that members of the petitioner Local 106, Transport Workers Union (Transit Supervisors Organization) AFL-CIO, employed by nonparty Manhattan and Bronx Surface Transit Operating Authority as property protection supervisors, including but not limited to the petitioner Richard LaManna, attend, bring with them designated safety equipment, and participate in track safety training.

The Supreme Court incorrectly denied the petition and dismissed the proceeding on the grounds that the petitioners had failed to exhaust their administrative remedies and that the petitioners' purported claims of an improper labor practice by the respondent New York City Transit Authority (hereinafter the NYCTA) should be directed to the jurisdiction of the Public Employment Relations Board (hereinafter PERB).

With respect to the issue of exhaustion of administrative rem-

edies, the parties agree that there is presently in place a collective bargaining agreement (hereinafter CBA) which contains a grievance procedure. However, contrary to the Supreme Court's determination, based upon the record before this Court, it appears that this CBA is *only* between the petitioner Local 106, Transport Workers Union (Transit Supervisors Organization) AFL-CIO (hereinafter the Union) and nonparty Manhattan and Bronx Surface Transit Operating Authority (hereinafter MABSTOA). The NYCTA is not a party to such CBA. MABSTOA and the NYCTA are separate entities (*see Reis v Manhattan & Bronx Surface Tr. Operating Auth.,* 161 AD2d 288 [1990]; *Peele v Manhattan & Bronx Surface Tr. Operating Auth.,* 160 AD2d 602, 603 [1990]; *Rosas v Manhattan & Bronx Surface Tr. Operating Auth.,* 109 AD2d 647 [1985]). Further, MABSTOA's "officers and employees shall not become, for any purpose, employees of the city or of the transit authority and shall not acquire civil service status" (Public Authorities Law § 1203-a [3] [b]; *see Collins v Manhattan & Bronx Surface Tr. Operating Auth.,* 62 NY2d 361, 365 [1984]). Thus, the CBA's grievance procedures do not apply to the NYCTA.

Moreover, under the facts of this case, we disagree with the Supreme Court's determination that certain claims made by the Union against the NYCTA should be directed to the jurisdiction of PERB. Although PERB has the power to establish procedures for the prevention of improper employer practices (*see* Civil Service Law § 205 [5] [d]; § 209-a), the NYCTA is not the employer of Richard LaManna and other similarly-situated property protection supervisors. Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.