OPINION OF THE COURT
Paul A. Victor, J.
Relief Sought
Defendant Metropolitan Transportation Authority, sued herein as Metropolitan Transit Authority (MTA), moves to dismiss pursuant to CPLR 3211, and for summary judgment pursuant to CPLR 3212, dismissing the complaint against it for failure to serve a notice of claim and to timely commence an action against the proper party defendant.
Issue Presented
Should the MTA be equitably estopped from denying ownership, operation and control of a New York City Transit Authority (NYCTA) train station and equitably estopped from asserting that service of the notice of claim and the summons and complaint should have been made on its affiliate the NYCTA, and not upon the MTA? Is this case distinguishable from Nowinski v City of New York (189 AD2d 674 [1st Dept 1993]) which held in similar (but not identical) circumstances that equitable estoppel should not be applied? For all the reasons hereinafter set forth this court determines that the extraordinary circumstances here require extraordinary relief.
Background
The MTA is a public benefit corporation created to oversee the mass transportation systems in New York City (Public Authorities Law § 1260 et seq.). The MTA functions “as an umbrella organization” for various other independent but affiliated agencies (see, Matter of New York Pub. Interest Research Group Straphangers Campaign v Metropolitan Transp. Auth., 309 AD2d 127 [1st Dept 2003]), including the NYCTA. (See Public Authorities Law §§ 550-571.) The MTA has successfully claimed that it has no control over or responsibility for the daily operation, maintenance, and control of the facilities of the NYCTA, and that it may not generally be held liable for the conduct of employees of the NYCTA (Noonan v Long Is. R.R., 158 AD2d 392 [1990]).
The court takes judicial notice of the fact that the MTA, which purports to act independently of its affiliated entities, requires *888 that its affiliates use the MTA logo on everything. For example, the official Web site of the MTA (<www.mta.info/nyct>) portrays the MTA as an active participant in the affairs of NYCTA. Other than the fact that the Web site provides public information for both entities without distinguishing between those agencies, the Web site contains job applications for mechanics, promotional examination announcements, and other sundry day-to-day, management information, all under the rubric “MTA New York City Transit.” Under the topic “About NYC Transit,” the Web site states,
“MTA New York City Transit is the largest agency in the MTA regional transportation network, which also includes MTA Staten Island Railway (part of NYC Transit’s Department of Subways), MTA Long Island Rail Road, MTA Long Island Bus, MTA Metro-North Railroad, MTA Bridges and Tunnels, and MTA Capital Construction.”
Under a section devoted to the history of the agency and transportation by subway in general, the Web site indicates, “On June 15, 1953, the New York State Legislature created the New York City Transit Authority (now MTA New York City Transit) as a separate public corporation to manage and operate all city-owned bus, trolley, and subway routes.” Moreover, all NYCTA locations, uniforms, correspondence and equipment are all identified as “MTA-New York City Transit Authority.” Because of the above promotion of the MTA and its close identification with its affiliate NYCTA, and the resulting confusion which emanates therefrom, claims are frequently erroneously commenced against the MTA rather than against its affiliate the NYCTA.
NYCTA is represented by its in-house counsel, Wallace D. Gossett, Esq. The MTA apparently has its own house counsel. However, it appears to be the practice, when a claim is erroneously commenced against the MTA for a tort involving the NYCTA, that all papers are routinely rerouted by the MTA to NYCTA. Wallace D. Gossett, Esq. then appears as counsel for the MTA as well as for NYCTA.
Statement of Facts
On March 25, 2000, plaintiff allegedly tripped and fell on a defective stairway at the Elder Avenue subway station in Bronx County, which is a NYCTA facility. On May 3, 2000, plaintiff served a notice of claim on the MTA. However, despite the fact that the notice of claim was served on the MTA, paragraph 3 of *889 the notice recites that plaintiff was caused to slip and fall due to the negligence of the “New York City Transit Authority.” Moreover, the caption of the notice of claim recites that the claim is by “Rafael Delacruz v Metropolitan Transit Authority.” The notice of claim was stamped as received by the “MTA” on May 3, 2000, and again stamped as received on May 8, 2000, by “MTA NYC TRANSIT.” In any event, realizing that NYCTA was the proper party, the MTA forwarded the notice to the NYCTA. No explanation is provided as to why the document was not immediately rejected by the MTA, or why no effort was otherwise made at this early date (before any limitations period expired) to alert the plaintiff that the MTA is a separate entity from the NYCTA, and that the wrong entity had been served. As noted above, it was and is the routine practice of MTA to accept the service, stamp the documents and to forward such “erroneously” served documents to NYCTA, which again stamped same as received by “MTA-NYC Transit.”
Wallace D. Gossett, Esq. (NYCTA’s in-house counsel) appeared in these proceedings for both the MTA and NYCTA. Moreover, an undated demand for a statutory hearing was made by Gos-sett on the letterhead of the “MTA New York City Transit”; and a statutory hearing was conducted pursuant thereto on January 29, 2001. The transcript of said hearing is captioned “In the Matter of the Claim of Rafael Delacruz v New York City Transit”; and it indicates that the hearing was conducted at the office of the NYCTA.
Subsequently, plaintiff served a summons and complaint, naming as a defendant only the MTA. Once again, the documents were forwarded by the MTA to its affiliate, NYCTA, and the documents were stamped as received by “MTA NYC TRANSIT.” Plaintiff presents a copy of an unsigned stipulation in this action, which was prepared by NYCTA’s counsel, and which sets forth the MTA as the defendant in the caption, but which purports to extend the time of the “defendant New York City Transit Authority” to answer the complaint. An answer was ultimately interposed solely on behalf of the MTA; and the answer specifically denies those allegations in the complaint which allege that defendant MTA owned, maintained, operated or controlled the subway station. The present motion to dismiss is brought by Wallace D. Gossett, who, according to the notice of motion, appears for defendants “Metropolitan Transit Authority and New York Transit Authority [sic].” (Emphasis added.) Defendant’s counsel waited until the expiration of all control *890 ling statutes of limitations and then moved for dismissal and summary judgment, contending for the first time that all essential documents had been served on the wrong party, and that the defect in naming and serving the wrong party is incurable.
Because it was not then clear from the papers submitted whether the notice of claim and/or the summons were each served by plaintiff on both MTA and NYCTA, the matter was accordingly set down for a hearing with regard to all of the issues raised by the relationship of the MTA and the NYCTA, and the confusion resulting therefrom. At the hearing plaintiff conceded that service of the notice of claim and the summons and complaint were made on the MTA, because he erroneously assumed that the MTA and the NYCTA were the same entity. It was noted that most of the documents (those prepared by defendant as well as plaintiff) used both names interchangeably. (See, e.g., defendant’s verified bill of particulars, exhibit B to plaintiffs affirmation in opposition [which names the MTA as defendant in the caption, and which is signed by “Wallace D. Gossett, attorney for the defendant New York City Transit Authority”]; see also, exhibit F [response to preliminary conference order made on a letterhead entitled “MTA New York City Transit Authority”].)
Plaintiff argues that the practice of defendant MTA of accepting and stamping said documents and in allowing its name and logo to be used interchangeably with its affiliate NYCTA, and the practice of forwarding documents rather than rejecting them, erroneously implied that the MTA and the NYCTA were functionally the same entity. Plaintiffs counsel argues that he was lulled into believing that there was one entity and/or that any defect in serving the incorrect entity had been waived. Plaintiff argues further that the defendant should be equitably estopped from denying that the MTA is an improper party and equitably estopped from denying ownership, operation and control of the stations at issue.
Law Relating to Summary Judgment
The proponent of a motion for summary judgment carries the initial burden of production of evidence as well as the burden of persuasion. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) *891 Thus, the moving party must tender* sufficient evidence to demonstrate as a matter of law the absence of a material issue of fact. Once that initial burden has been satisfied, the “burden of production” (not the burden of persuasion) shifts to the opponent, who must now go forward and produce sufficient evidence in admissible form to establish the existence of a triable issue of fact. The burden of persuasion, however, always remains where it began, i.e., with the proponent of the issue. Thus “if the evidence [on the issue] is evenly balanced, the party that bears the burden of persuasion must lose.” (Director, Office of Workers’ Compensation Programs v Greenwich Collieries, 512 US 267, 272 [1994]; 300 E. 34th St. Co. v Habeeb, 248 AD2d 50 [1st Dept 1997].)
The court’s function on this motion for summary judgment is issue finding rather than issue determination. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue. (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978].) Thus, when the existence of an issue of fact is even arguable or debatable, summary judgment should be denied. (Stone v Goodson, 8 NY2d 8 [1960]; Sillman v Twentieth Century-Fox Film Corp., supra.)
The role of the court is to determine if bona fide issues of fact exist, and not to resolve issues of credibility. As the Court stated in Knepka v Tallman (278 AD2d 811, 811 [4th Dept 2000]):
“Supreme Court erred in resolving issues of credibility in granting defendants’ motion for summary judgment dismissing the complaint (see, Mickelson v Babcock, 190 AD2d 1037; see generally, Black v Chittenden, 69 NY2d 665, 669; Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341). Any inconsistencies between the deposition testimony of plaintiffs and their affidavits submitted in opposition to the motion present credibility issues for trial (see, Schoen v Rochester Gas & Elec., 242 AD2d 928; Mickelson v Babcock, supra).” (See also, Yaziciyan v Blancato, 267 AD2d 152,152 [1st Dept 1999] [“The deponent’s arguably inconsistent testimony elsewhere in his deposition merely presents a credibility issue properly left for the trier of fact”].)
*892 Nevertheless, summary judgment is properly granted when the opponent of the motion raises only feigned issues of fact. (See Perez v Bronx Park S. Assoc., 285 AD2d 402 [1st Dept 2001] [in which the Court held that the submission of a one-page affidavit from a neighbor, which was in conflict with plaintiffs deposition testimony, was insufficient to raise an issue of fact]; Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968] [“feigned” issues do not raise questions of fact]; Singh v Kolcaj Realty Corp, 283 AD2d 350 [1st Dept 2001] [plaintiffs expert’s opinion that an illegally parked car was proximate cause of accident was a legal conclusion which was of no consequence, and could not defeat defendant’s motion for summary judgment]; Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [1st Dept 2000] [“self-serving affidavits submitted by plaintiff in opposition clearly contradict plaintiffs own deposition testimony and can only be considered to have been tailored to avoid the consequences of her earlier testimony”].)
Law Relating to CPLR 3211 Motions
CPLR 3211 (a) provides in relevant part that:
“A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:
“1. a defense is founded on documentary evidence; or . . .
“7. the pleading fails to state a cause of action . . . .”
When the sufficiency of the pleadings is attacked, the allegations contained in the complaint, as supplemented by the moving papers, “must be given their most favorable intendment” (Arrington v New York Times Co., 55 NY2d 433, 442 [1982], cert denied 459 US 1146 [1983]; Dulberg v Mock, 1 NY2d 54, 56 [1956]). As the Court stated in Ark Bryant Park Corp. v Bryant Park Restoration Corp. (285 AD2d 143, 150 [1st Dept 2001]):
“Generally, on a motion to dismiss made pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see, CPLR 3026), and the court should accept as true the facts as alleged in the complaint, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (Leon v Martinez, 84 NY2d 83, 87-88; Morone v Morone, 50 NY2d 481, 484; Sotomayor v Kaufman, Malchman, Kirby & Squire, 252 AD2d 554; Fischbach & Moore v Howell Co., 240 AD2d 157). In those circumstances where the legal conclu *893 sions and factual allegations are flatly contradicted by documentary evidence, they are not presumed to be true or accorded every favorable inference (Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81, affd 94 NY2d 659; Kliebert v McKoan, 228 AD2d 232, lv denied 89 NY2d 802), and the criteria becomes ‘whether the proponent of the pleading has a cause of action, not whether he has stated one’ (Guggenheimer v Ginzburg, 43 NY2d 268; see also, Leon v Martinez, supra, at 88).” (Emphasis supplied.)
In addition to the pleadings the court may also consider evidentiary material submitted on the motion in order to remedy any defects in the complaint (Vorel v NBA Props., 285 AD2d 641 [2d Dept 2001]), and the salient issue for determination is ordinarily only “whether the facts as alleged fit within any cognizable legal theory” (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]).
Discussion
Plaintiffs frequently seek to excuse service on the wrong public entity by relying on the doctrine of estoppel. The doctrine of equitable estoppel is only applicable “where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice” (Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668 [1976]; Zaiman v Metropolitan Tr. Auth., 186 AD2d 555, 556 [1992]). The doctrine is invoked sparingly, and only under exceptional circumstances (Luka v New York City Tr. Auth., 100 AD2d 323 [1984], affd 63 NY2d 667 [1984]). For example, equitable estoppel was found to be inapplicable when a plaintiff incorrectly sued the MTA for an accident which occurred on property belonging to the Long Island Rail Road (LIRR). (LoCiciro v Metropolitan Transp. Auth., 288 AD2d 353 [2d Dept 2001].) The LoCiciro court reasoned, inter alia, that since the answer of defendant MTA denied ownership and control, neither the MTA nor the LIRR induced plaintiff to reasonably believe that he had brought suit against the proper party.
In Nowinski v City of New York (189 AD2d 674 [1st Dept 1993]), the plaintiff instituted an action to recover damages for personal injuries allegedly sustained at the Times Square subway station, serving a notice of claim on the Manhattan and Bronx Surface Transit Operating Authority (MABSTOA), the *894 MTA, and the City. The NYCTA was erroneously never made a party. Despite the fact that the NYCTA (as here) received the notice of claim, held a General Municipal Law § 50-h hearing, and corresponded with plaintiff on NYCTA letterhead, the Court dismissed the action, finding no basis for an estoppel. The Court held (at 675-676):
“The record fails to support the plaintiffs contention that the NYCTA should be equitably estopped from challenging the amendments requested. . . .
“Rather than misleading the plaintiff, the actions of the NYCTA provided her with numerous indications that the wrong entities were being sued. Counsel for the plaintiff was notified that a hearing would be held with the NYCTA and communications were exchanged with that agency. In their answers, MABSTOA and the MTA denied that they owned, operated, maintained or controlled the area where the plaintiff was allegedly injured. Although counsel for the plaintiff alleges that the NYCTA counsel promised him that the NYCTA would agree to be substituted as a defendant in this action, a promise which the NYCTA denies, this promise was purportedly made after the Statute of Limitations had already expired. Therefore, the plaintiff could not have detrimentally relied on such a promise to induce her to relinquish a right which had already ceased to exist.
“Since there is no basis for concluding that the conduct of the NYCTA lulled the plaintiff into a false sense of security, estoppel does not lie and the complaint should be dismissed (Ceely v New York City Health & Hosps. Corp., 162 AD2d 492; Reis v Manhattan & Bronx Surface Tr. Operating Auth., 161 AD2d 288, lv denied 76 NY2d 707; Peele v Manhattan & Bronx Surface Tr. Operating Auth., 160 AD2d 602; Rosas v Manhattan & Bronx Surface Tr. Operating Auth., supra; Luka v New York City Tr. Auth., supra).”
There are, however, crucial differences between this case and the Nowinski case which render Nowinski inapplicable herein. In Nowinski, the Appellate Division noted (at 675) that the plaintiff never made NYCTA a party to the motion, and that the court therefore “lacked jurisdiction to substitute NYCTA, a nonparty which had not been provided with notice of the plaintiffs cross motion, for a party.” In the case at bar NYCTA *895 actually appeared in the proceeding by its counsel Wallace D. Gossett.
Other circumstances also distinguish this case from Nowinski. The notice of claim itself indicated that the accident occurred on property belonging to the New York City Transit Authority, and the MTA, rather than rejecting the papers served on it, forwarded the papers to its affiliated agency, the MTANYCTA, thus making it appear that the correct entity had been served and/or that any defect had been purposely waived. In addition, the agency then applied the misleading “stamps” to the documents, ostensibly making it appear that there was but one entity and that the names were used interchangeably, and/or that service had been accepted on behalf of both the MTA and the NYCTA. Moreover, the MTA-NYCTA then “lent” its attorney to the MTA; and NYCTA’s regular, in-house counsel then proceeded to litigate the action, interchangeably referring to the defendant as the MTA or the NYCTA in numerous papers. Indeed, an extension of time to answer the complaint was made on behalf of the NYCTA. These acts of omission and commission clearly lulled the plaintiff into believing that the MTA and the NYCTA were one and the same entity, and/or, that the NYCTA had waived the improper designation and service, and that it had appeared and was actively litigating the case. Indeed, the instant motion itself appears to have been brought on behalf of the NYCTA. Consequently, counsel had no impetus to correct his albeit unilateral error, even though ample time had existed to do so.
As a result of this collaboration between the MTA-NYCTA and the MTA, this court finds that plaintiff’s counsel was induced to rely on what appeared to be proper service and was “lulled . . . into a false sense of security”; and that any defect in naming and serving the wrong entity had been waived. Such conduct warrants equitable relief. As the Court observed in Bender v New York City Health & Hosps. Corp. (supra, 38 NY2d at 668):
“We believe that where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised. (See, generally, Applicability of doctrine of estoppel against government and its governmental *896 agencies, Ann., 1 ALR2d 338; 2 Antieau, Municipal Corporations, § 16A.22; cf. La Porto v Village of Philmont, 39 NY2d 7.) The equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act. By applying the doctrine of equitable estoppel to notice of claim situations, the courts may insure that statutes like section 50-e of the General Municipal Law, do not become ‘a trap to catch the unwary or the ignorant’ (see Sweeney v City of New York, 225 NY 271, 273).”
The present case presents extraordinary facts warranting extraordinary relief. The court cannot close its eyes to the manifest injustice which would follow if the collaborative efforts of the MTA-NYCTA and the MTA resulted in a dismissal based on concerted efforts which made it appear that the proper party was actively involved in the trial of this action, and/or had waived any defect in the failure to name and serve the proper party in the first instance.
Conclusion
The motion is denied.

 There is no requirement that proof be submitted in the form of an affidavit, as opposed to other acceptable forms, such as deposition testimony. (Muniz v Bacchus, 282 AD2d 387 [1st Dept 2001].)