— Order, Supreme Court, Bronx County (Douglas E. McKeon, J), entered July 27, 2007, which granted defendant’s motion to dismiss the complaint for failure to serve a notice of claim, unanimously affirmed, without costs.
General Municipal Law § 50-e (3) (c) “does not excuse a plaintiff’s failure to serve a timely notice of claim on the correct public entity, which is what happened here when plaintiff served [his] notice on the Comptroller rather than HHC” (Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 608 [2005]).
Nor does the alleged agreement with a Corporation Counsel attorney constitute either a waiver of the notice of claim require *318 ment (see Badgett v New York City Health & Hosps. Corp., 227 AD2d 127, 128 [1996]) or a ground for application of the doctrine of equitable estoppel against HHC (see Hochberg v City of New York, 99 AD2d 1028 [1984], affd 63 NY2d 665 [1984]). Concur—Saxe, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.