■ STANLEY ROTH, Respondent, v STUART GOLDMAN, Appellant. [679 NYS2d 92] —In an action, *inter alia*, to recover dam-

ages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered June 27, 1997, as upon, in effect, converting the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint into a motion for summary judgment, denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the plaintiff's complaint. In the order appealed from, Justice DiNoto stated, incorrectly, that the defendant's motion was for summary judgment. Justice DiNoto also inconsistently, but correctly, stated that the defendant's motion was brought pursuant to CPLR 3211 (a) (1) and (7). The court then went on to discuss the standards governing a motion for summary judgment and, without addressing any of the facts of this case, or specifically converting the defendant's motion into one for summary judgment, denied the defendant's motion. Insofar as the court in effect converted the defendant's motion into one for summary judgment, it erred, as he failed to first give notice to the parties (*see, Matter of Ward v Bennett,* 214 AD2d 741, 742-743; *Sopesis Constr. v Solomon,* 199 AD2d 491). However, since we find that the defendant's motion to dismiss should have been denied, we affirm the order insofar as appealed from.

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*see,* CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory * * * Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law * * * In assessing a motion under CPLR 3211 (a) (7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint * * * 'the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Leon v Martinez,* 84 NY2d 83, 87-88). Applying this standard, the plaintiff's complaint (although inartfully pleaded), together with the documents annexed to it, establish cognizable causes of action. Moreover, the documentary evidence submitted by the defendant does not flatly contradict the complaint's factual claims (*see, Smuckler v Mercy Coll.,* 244 AD2d 329) or resolve all factual issues as a matter of law and definitively dispose of the plaintiff's claim (*see, Unadilla Silo Co. v Ernst & Young,*

234 AD2d 754). Rosenblatt, J. P., Miller, Goldstein and Mc-Ginity, JJ., concur.