■ ROGER LIGHT et al., Respondents, v ANTHONY ANTEDEMI-NICO, Doing Business as TONY'S CONSTRUCTION, Appellant, et

al., Defendant. (And a Third-Party Action.) [687 NYS2d 422] —In an action to recover damages for personal injuries, the defendant Anthony Antedeminico d/b/a Tony's Construction appeals, as limited by his brief and by letter of his counsel dated January 20, 1999, from so much of an order of the Supreme Court, Dutchess County (Bellantoni, J.), dated June 25, 1998, as denied that branch of his motion for summary judgment which was to dismiss the plaintiffs' common-law negligence cause of action. The appeal brings up for review so much of an order of the same court, dated January 5, 1999, as, in effect, upon reargument, adhered to so much of the original determination as denied that branch of the defendant's motion (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated June 25, 1998, is dismissed as that order was superseded by the order dated January 5, 1999, made upon reargument; and it is further,

Ordered that the order dated January 5, 1999, is reversed insofar as reviewed, on the law, that branch of the motion which was for summary judgment dismissing the common-law negligence cause of action is granted, and the order dated June 25, 1998, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The injured plaintiff, Roger Light, a maintenance worker for Pawling Corp. (hereinafter Pawling), commenced this action against, among others, the appellant Anthony Antedeminico d/b/a Tony's Construction, to recover damages for personal injuries based, *inter alia,* upon a theory of common-law negligence, after he fell into an excavated pit at his place of employment, which was under renovation and construction. The appellant was one of the subcontractors hired by Pawling to perform the renovation and construction work.

The Supreme Court, *inter alia,* denied that branch of the appellant's motion which was for summary judgment dismissing the plaintiffs' common-law negligence cause of action, stating that triable issues of fact exist as to whether the appellant acted negligently with respect to the injured plaintiff's work in the area of the pit. Upon granting the appellant's motion, denominated as one for renewal, but, which was, in effect, one for reargument, the Supreme Court, *inter alia,* adhered to its original decision with respect to the plaintiff's common-law negligence cause of action. We reverse.

The plaintiffs' common-law negligence cause of action must be dismissed, since the appellant met his initial burden of establishing his entitlement to judgment as a matter of law by demonstrating that he did not have sufficient control over the

construction site, and therefore, owed no duty of care to the injured plaintiff (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Giordano v Seeyle, Stevenson & Knight,* 216 AD2d 439, 440). In response, the plaintiffs failed to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). S. Miller, J. P., Ritter, Thompson and Joy, JJ., concur.