■ ROBERT KNIPFING et al., Respondents, v FEDERATED DEPARTMENT STORES, INC., Respondent, and MURRAY MILLER CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent. M & M ELECTRIC, INC., Third-Party Defendant-Respondent-Appellant. [712 NYS2d 570] —In an action

to recover damages for personal injuries, etc., the defendant third-party plaintiff Murray Miller Construction Corp. appeals from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered April 1, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the third-party defendant M & M Electric, Inc., cross appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint and all cross claims asserted against it.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion and cross motion are granted, the complaint and all cross claims are dismissed insofar as asserted against Murray Miller Construction Corp., the third-party complaint is dismissed, and the action against the remaining defendant is severed.

The plaintiff Robert Knipfing, an employee of M & M Electric, Inc. (hereinafter M & M), commenced this action alleging that he was injured when he slipped and fell while walking outside a building owned and operated by the defendant Federated Department Stores, Inc. M & M was an electrical subcontractor hired by the defendant third-party plaintiff, Murray Miller Construction Corp., the general contractor that was performing renovations inside the building. Knipfing claimed that he fell because of flowing water and hydraulic oil under the existing snow and ice on the ground, and that this water and oil mixture was being discharged by a pipe that was protruding from and firmly attached to the building.

The Supreme Court erred in denying summary judgment to the appellants. Where, as here, a moving party has established entitlement to summary judgment as a matter of law, the opponent of the motion must demonstrate, by admissible evidence, the existence of a factual issue requiring a trial of the action (*see, Zuckerman v City of New York,* 49 NY2d 557; *Wilbur v Wilbur,* 266 AD2d 535). Here, the plaintiffs presented no evidence that the appellants either created the condition complained of or had actual or constructive notice of the condition (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Ward v Lawrence,* 225 AD2d 688; *Kaufman v Man-Dell Food Stores,* 203 AD2d 532). Bracken, J. P., O'Brien, Thompson and Florio, JJ., concur.