◼ ANTHONY PETITO et al., Respondents, v VERRAZANO CONTRACTING Co., INC., Appellant, and ACE CONTRACTING, INC.,

Defendant and Third-Party Plaintiff-Respondent. CITY OF NEW YORK, Third-Party Defendant-Respondent. [724 NYS2d 463] —In an action to recover damages for personal injuries, etc., the defendant Verrazano Contracting Co., Inc., appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated February 23, 2000, which denied its motion for summary judgment dismissing the complaint, cross claims, and counterclaims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint, cross claims, and counterclaims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On November 9, 1992, the plaintiff Anthony Petito (hereinafter the plaintiff), an employee of the New York City Department of Sanitation (hereinafter Sanitation) allegedly slipped and fell on a wet floor in the men's bathroom of a Sanitation garage. At the time, that bathroom was undergoing renovation, and it contained only one temporary sink. According to the plaintiff, although the temporary sink had a pipe coming out of it, the pipe ended between eight inches and one foot above the floor, and water from the sink would drain out of the pipe onto the floor. There was a drain in the floor about two feet away from the sink into which the water from the temporary sink would run. According to the plaintiff, at the time that he fell, the bathroom floor was wet because of water which came from this temporary sink.

The plaintiff and his wife commenced the instant action against the appellant, Verrazano Contracting Co., Inc. (hereinafter Verrazano), and the defendant Ace Contracting, Inc. (hereinafter Ace), to recover damages, *inter alia*, for the personal injuries which he allegedly sustained when he fell. Verrazano and Ace were contractors hired by Sanitation to renovate the premises where the plaintiff was injured. Pursuant to its contract with Sanitation, Ace, among other things, installed the temporary sink in the bathroom. Verrazano moved for summary judgment, *inter alia*, dismissing the complaint insofar as asserted against it, asserting essentially that it owed no duty to the plaintiff and it did not create the allegedly dangerous condition which caused the plaintiff's accident. The Supreme Court denied Verrazano's motion. We reverse.

It is undisputed that Verrazano did not own the premises where the plaintiff was injured. Therefore, in order for Verrazano to owe a duty to the plaintiff, it must have had "the authority to control the activity bringing about the injury to

enable it to avoid or correct an unsafe condition" (*Russin v Picciano & Son,* 54 NY2d 311, 317; *see also, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352). It is undisputed that Verrazano neither installed the temporary sink in the bathroom nor had any duty to remedy a dangerous condition arising as a result of water which originated from that sink and accumulated on the bathroom floor. Nor is there any evidence that Verrazano created the dangerous condition which resulted in the plaintiff's accident. "In the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman,* 40 NY2d 781, 782; *see, Light v Antedeminico,* 259 AD2d 737; *Giordano v Seeyle, Stevenson & Knight,* 216 AD2d 439). O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.