■ Ellen Vorel, Respondent, v NBA Properties, Inc., Appellant. [728 NYS2d 397] —In an action, *inter alia,* to recover damages based on age discrimination under the New York State Human Rights Law (Executive Law art 15), the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 2, 2000, as denied its motion to dismiss the first and fourth causes of action in the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss pursuant to CPLR 3211, a court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every favorable inference (*see, Leon v Martinez,* 84 NY2d 83; *Rovello v Orofino Realty Co.,* 40 NY2d 633; *Roth v Goldman,* 254 AD2d 405, 406). "[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Leon v Martinez, supra; Rovello v Orofino Realty Co., supra,* at 636). Moreover, a court may freely consider evidentiary material submitted on the motion to rem-

edy any defects in the complaint (*see, Leon v Martinez, supra,* at 88; *Rovello v Orofino Realty Co., supra,* at 635; *Roth v Goldman, supra*; *Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159, 162, *cert denied* 522 US 967).

Viewing the plaintiff's complaint under these guidelines, we find that she has sufficiently stated causes of action to recover damages for discrimination under the New York State Human Rights Law (*see,* Executive Law art 15). Furthermore, her claim based on an alleged constructive discharge is also sufficient to withstand the motion to dismiss (*see, Flaherty v Metromail Corp.,* 235 F3d 133). Finally, the Supreme Court properly rejected the defendant's argument that the plaintiff's claims are time-barred (*see, Flaherty v Metromail Corp., supra,* at 137; *Cornwell v Robinson,* 23 F3d 694, 704). Goldstein, J. P., McGinity, Luciano and Crane, JJ., concur.