■ LAURA COLUMBO, Respondent, v CHASE MANHATTAN AUTOMOTIVE FINANCE CORPORATION et al., Respondents, INCORPORATED VILLAGE OF LINDENHURST, Appellant-Respondent, and TOWN OF BABYLON, Respondent-Appellant. (And a Third-Party Action.) [746 NYS2d 392]

The Supreme Court should have granted that branch of the motion of the Incorporated Village of Lindenhurst (hereinafter the Village) which was to dismiss the complaint and all cross claims insofar as asserted against it for failure to state a cause of action (*see* CPLR 3211 [a] [7]; *Smuckler v Mercy Coll.,* 244 AD2d 329; *Doria v Masucci,* 230 AD2d 764). Where the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one (*see Leon v Martinez,* 84 NY2d 83, 87-88; *Steiner v Lazzaro & Gregory,* 271 AD2d 596; *Roth v Goldman,* 254 AD2d 405, 406). In this case, the Village submitted evidentiary material establishing that it did not control, maintain, or repair the area where the accident occurred, and that the accident site was outside the Village's boundaries. Accordingly, the complaint and all cross claims are dismissed insofar as asserted against the Village. Santucci, J.P., Smith, Krausman, H. Miller and Adams, JJ., concur.