■ DEBORAH KOPP et al., Respondents-Appellants, v FLAGG PROPERTIES, LLC, Defendant, and COMPLETE INTERIORS, INC., Appellant-Respondent. [753 NYS2d 896] —In an action to recover damages for personal injuries, etc., the defendant Complete Interiors, Inc., appeals from a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered October 26, 2001, which, upon a jury verdict, is in favor of the plaintiff Deborah Kopp and against it in the principal sum of $38,866, and the plaintiffs cross-appeal from the same judgment on the ground of inadequacy.

Ordered that on the appeal of the defendant Complete Interiors, Inc., the judgment is reversed, on the law, and the complaint is dismissed in its entirety; and it is further,

Ordered that the cross appeal by the plaintiffs is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant Complete Interiors, Inc., payable by the plaintiffs.

The plaintiff Deborah Kopp (hereinafter the plaintiff) was injured when she tripped and fell over a shovel allegedly left behind by the defendant Complete Interiors, Inc., which was the subcontractor working on a renovation of the Genovese Drug Store (hereinafter Genovese) in Huntington Station. The plaintiff was employed by Genovese as a cosmetics coordinator and, at the time of the accident, was setting up the cosmetic department and restocking merchandise in preparation for the store's re-opening to the general public.

Contrary to the plaintiff's argument, the evidence fails to establish that her work involved making a significant physical change to the configuration or composition of the building or structure as to qualify as an alteration under Labor Law § 241 (6) and 12 NYCRR 23-1.4 (b) (*see Joblon v Solow,* 91 NY2d 457; *Luthi v Long Is. Resource Corp.,* 251 AD2d 554; *Agli v Turner Constr. Co.,* 246 AD2d 16).

The evidence does not demonstrate that the plaintiff was employed for the purpose of performing construction or repairs

(*see Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573; *Gibson v Worthington Div. of McGraw-Edison Co.,* 78 NY2d 1108; *Petermann v Ampal Realty Corp.,* 288 AD2d 54; *Valinoti v Sandvik Seamco,* 246 AD2d 344).

Consequently, since the plaintiff did not belong to the class of workers protected by the Labor Law, the complaint must be dismissed.

In light of our determination on the appeal, the cross appeal has been rendered academic. Santucci, J.P., O'Brien, Goldstein and Cozier, JJ., concur.