■ RANDY A. DANN et al., Respondents, v KING ASSOCIATES, LLC, et al., Appellants. [756 NYS2d 478] —In an action for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated April 29, 2002, as denied their cross motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

The subject real estate contract was contingent upon the plaintiffs' ability to secure a mortgage commitment for a sum certain. The contract provided, inter alia, that in the event that the plaintiffs were unable to secure a commitment within 45 days from the date of the contract, the seller had the option of refunding all money paid under the contract, and the parties would be released from further liability. The plaintiffs failed to obtain a mortgage commitment by the expiration of the 45-day period, and their down payment was returned in accordance with the terms of the contract.

Thereafter, the plaintiffs commenced this action for specific performance of the contract and moved, inter alia, for leave to enter a judgment against the defendants upon their failure to appear or answer. The defendants cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court denied the motion and cross motion.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and according the plaintiff the benefit of every possible inference (*see Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Roth v Goldman,* 254 AD2d 405 [1998]).

Under CPLR 3211 (a) (1), dismissal of the complaint is warranted where the documentary evidence resolves all factual issues as a matter of law and definitively disposes of the as-

serted claims (*see Bank v Lake,* 284 AD2d 355 [2001]; *European Am. Bank v Miller,* 265 AD2d 374 [1999]; *Roth v Goldman, supra*).

The subject contract explicitly provided that the defendant seller had the option to refund all money paid under the contract in the event that the plaintiffs failed to secure a mortgage commitment by the expiration of the 45-day period, and that upon the refund, the parties would be released from any further liability. The defendant seller rightfully exercised the right to return the down payment and to consider the contract null and void (*see Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assoc.,* 133 AD2d 65 [1987]; *Castaldo v Dalmazio,* 129 AD2d 548 [1987]). Therefore, the Supreme Court erred in denying the defendants' cross motion to dismiss the complaint. Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.