■ MARIO GRGAS, Plaintiff, v LEHRER McGOVERN BOVIS, INC., et al., Defendants, and 1515 BROADWAY, LTD., et al., Defendants and Third-Party Plaintiffs. SUPERIOR ACOUSTICS, INC., Third-Party Defendant-Respondent; FOREST ELECTRIC CORP., Third-Party Defendant-Appellant. [763 NYS2d 500] —In an action to recover damages for personal injuries, the second third-party defendant, Forest Electric Corp., appeals from an order of the Supreme Court, Queens County (Golia, J.), dated May 16, 2002, which denied its motion for summary judgment dismissing the second third-party complaint and all cross claims asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the second third-party complaint and all cross claims asserted against Forest Electric Corp. are dismissed.

The plaintiff was working as a carpenter at a construction site when the scaffold he was standing upon began to tip over. The plaintiff jumped from the falling scaffold, and landed on a small, discarded metal door, of the type used to provide access to valves in walls or ceilings. When the plaintiff's foot hit the metal door, he fell back against a sheetrock wall, twisting his left ankle and right knee. After the plaintiff commenced this action alleging violations of the Labor Law and the common-law duty to provide a safe workplace, a third-party action was brought against the plaintiff's employer, Superior Acoustics, Inc. (hereinafter Superior Acoustics). Superior Acoustics then commenced a second third-party action against Forest Electric Corp. (hereinafter Forest Electric), an electrical contractor, alleging that it created a dangerous condition which caused the plaintiff's injuries by leaving debris on the floor of the work site. Forest Electric subsequently moved for summary judgment, relying upon the plaintiff's deposition testimony that he did not remember seeing debris from electrical work on the floor, and that carpenters as well as contractors from other trades worked on the installation of access doors. Forest Electric also submitted proof that another party was responsible for the removal of debris at the construction site. The Supreme Court denied Forest Electric's motion for summary judgment, and we reverse.

Forest Electric sustained its initial burden of demonstrating its entitlement to judgment as a matter of law (see Thompson v Gustav Hirsch Org., 17 NY2d 859 [1966]; Petito v Verrazano Contr. Co., 283 AD2d 472 [2001]; Knipfing v Federated Dept. Stores, 275 AD2d 300 [2000]; Light v Antedeminico, 259 AD2d 737 [1999]). The evidence that Superior Acoustics submitted in opposition to the motion, which included an inadmissible hearsay statement from its foreman, was insufficient to raise an issue of fact as to whether Forest Electric was the contractor which actually created the alleged dangerous condition, or had a duty to remedy it (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Billordo v E.P. Realty Assoc., 300 AD2d 523 [2002]). Furthermore, while Superior Acoustics additionally claimed that lighting at the work site was inadequate, this was not a proximate cause of the plaintiff's accident or injuries (see Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980]). Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.