■ RONALD HOLM et al., Appellants, v METCALF & EDDY, INC., Defendant, and B & Q CONSTRUCTION CORP. et al., Respondents. (And a Third-Party Action.) [768 NYS2d 360]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated August 22, 2002, as granted those branches of the separate motions of the defendants B & Q Construction Corp. and Halcyon Construction Corp. which were to dismiss the causes of action alleging violations of Labor Law § 241 (6) and § 200 and common-law negligence insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Under the facts of this case the injured plaintiff was not a

person entitled to the protection of the Labor Law. He was neither "permitted or suffered to work on a building or structure" (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576 [1990] [internal quotation marks omitted]), nor was he performing work necessary and incidental to the erection or repair of a building or structure (*see Lombardi v Stout*, 80 NY2d 290 [1992]). Accordingly, the Labor Law claims against the respondents, B & Q Construction Corp. and Halcyon Construction Corp., were properly dismissed (*see Kopp v Flagg Props.*, 302 AD2d 367, 367-368 [2003]).

Additionally, the common-law negligence claim was also properly dismissed against the respondents since they established prima facie entitlement to summary judgment, and in response, the plaintiffs failed to raise a triable issue of material fact to rebut this prima facie showing (*see Alvarez v Prospect Hosp.* 68 NY2d 320 [1986]; *Grgas v Lehrer McGovern Bovis*, 307 AD2d 982, 983 [2003]).

The plaintiffs' remaining contentions are without merit. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.