■ ROCHDALE VILLAGE, INC., Respondent, v HOWARD L. ZIM-MERMAN et al., Appellants. [769 NYS2d 386]—In an action, inter alia, to recover damages for architectural malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated October 31, 2002, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, or alternatively, for summary judgment dismissing the complaint or for partial summary judgment limiting the plaintiff's recovery, if any, to the fees it paid under the contract.

Ordered that the order is affirmed, with costs.

"[O]n a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated" (*Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester,* 282 AD2d 561, 562 [2001]). Where evidence is submitted by the movant in support of the CPLR 3211 (a) (7) motion, the court must determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one (*see Columbo v Chase Manhattan Automotive Fin. Corp.,* 297 AD2d 327 [2002]).

Applying these principles to the case at bar, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

The Supreme Court also properly denied that branch of the defendants' motion which was for partial summary judgment limiting the plaintiff's recovery, if any, to the fees paid by the plaintiff to the defendants under their contract, as the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law on this issue (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

The defendants' remaining contention is without merit. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.