█ MAUREEN MANFRO, Appellant, v MARY ANN McGIVNEY, et al., Respondents. [783 NYS2d 288]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Dillon, J.), dated May 9, 2003, which granted the motion of the defendants Mary Ann McGivney and Holy Trinity School and the separate motion of the defendants Brian Hinman and Lori Hinman pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs.

To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Roth v Goldman*, 254 AD2d 405 [1998]). Here, the plaintiff's cause of action premised upon breach of contract was properly dismissed. The documentary evidence established that the plaintiff's employment was governed by an employment contract and collective bargaining agreement. The plaintiff failed to demonstrate that she exhausted her contractual remedies, and she did not allege that her union failed to represent her fairly (*see Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501, 505 [1987], *cert denied sub nom. Margolin v Board of Educ., Commack Union Free School Dist.*, 485 US 1034 [1988]).

The plaintiff's remaining causes of action were also properly dismissed. "On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated" (*Schneider v Hand*, 296 AD2d 454 [2002]). Where evidence is submitted by the movant in support of a CPLR 3211 (a) (7) motion, the court must determine whether the proponent of the pleading has a cause of action, not whether it has stated one (*see Columbo v Chase Manhattan Automotive Fin. Corp.*, 297 AD2d 327 [2002]). Applying these principles to the case at bar, the Supreme Court properly dismissed the complaint in its entirety (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *Lombardi v Stout*, 80 NY2d 290 [1992]; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576 [1990]; *Donohue v Copiague Union Free School Dist.*, 47 NY2d 440 [1979]; *Holm v Metcalf & Eddy*, 2 AD3d 586 [2003]; *Wolf v National Council of Young Israel*, 264 AD2d 416, 417 [1999]; *Dillon v City of New York*, 261 AD2d 34 [1999]; *Gill v Pathmark Stores*, 237 AD2d 563 [1997]; *Hayes v Schultz*, 150

AD2d 522 [1989]; *Paladino v Adelphi Univ.*, 89 AD2d 85 [1982]).
Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.