*815 OPINION OF THE COURT
Kathy J. King, J.
The instant motion to dismiss for failure to state a cause of action, pursuant to CPLR 3211 (a) (7), arises from a small claims action based on plaintiffs previous fee dispute proceeding with his former attorneys, pursuant to part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR) as administered by the Brooklyn Bar Association’s (hereinafter BBA) Attorney-Client Fee Dispute Resolution Program.[1] The defendant is the executive director of the Brooklyn Bar Association and, in that capacity, acts as the administrator for the BBA’s Attorney-Client Fee Dispute Resolution Program.
It is undisputed that plaintiff paid $175 to participate in the fee dispute resolution program and consented to mediation. It is also undisputed that in the event that mediation was unsuccessful, the parties did not waive their rights to arbitration.[2] Notwithstanding this proviso contained in the consent to mediation form, the complaint was dismissed as lacking merit. The defendant admits that the dismissal of the complaint was erroneous and offered the plaintiff an opportunity to arbitrate his claim and/or receive a refund of his $175. Plaintiff refused and commenced the instant proceeding claiming $500 in damages.[3]
By notice of motion, returnable on September 8, 2005, defendant moved to dismiss based on failure to state a cause of action. On the return date, plaintiff submitted written opposition. The motion was denied without prejudice to renew as a result of plaintiffs application to transfer the proceeding to day court. The matter was set down for trial on October 25, 2005. A default judgment, subsequently entered against defendant, was vacated by order of the court dated January 23, 2006 (Thomas, J.). The matter was then set down for trial on February 21, 2006, Part 47, and, after numerous adjournments, the parties appeared *816 before this court for trial on June 21, 2006. Plaintiff appeared pro se and defendant was represented by counsel. At the commencement of trial, defendant made an oral application to renew his motion to dismiss. The court granted the application, and reserved decision. Since the testimony heard on plaintiffs prima facie case mirrors the arguments contained in plaintiffs opposition, the court deems defendant’s pretrial motion as one to dismiss made at the end of plaintiffs prima facie case.
Generally, motion practice is not favored in Small Claims Court. Pretrial motions to dismiss for failure to state a cause of action should rarely, if ever, be entertained in Small Claims Court (see e.g., Pitelli v Colarito, NYLJ, Feb. 13, 1992, at 24, col 6 [App Term, 2d Dept, per curiam]). The courts have found that when a motion is made, a lay litigant is placed at a substantial disadvantage being unaware of court procedure which could have the unintended result of adding delay and confusion to a case (see, Weiner v Tel Aviv Car & Limousine Serv., 141 Misc 2d 339, 341-343 [Civ Ct, NY County 1988]). However, the court should entertain motion practice that presents “a clear issue of law . . . resolution of [which will] serv[e], rather than imped[e], Motions of substantial justice.” (See, Clegg v Bon Temps, 114 Misc 2d 805, 809 [Civ Ct, NY County 1982].)
The case at bar qualifies for this rare exception for which motion practice is permissible in Small Claims Court since it goes to the very gravamen of plaintiffs cause of action. Additionally, the procedural history of this action, in which plaintiff pro se has submitted responsive pleadings at every stage of the proceeding, demonstrates that plaintiff has not been prejudiced or placed at a substantial disadvantage concerning the instant motion.
CPLR 3211 (a) (7) states “[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the pleading fails to state a cause of action.” Where evidence is submitted by the movant in support of a motion pursuant to CPLR 3211 (a) (7), the court must determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one (see, Columbo v Chase Manhattan Automotive Fin. Corp., 297 AD2d 327 [2002]; Steiner v Lazzaro & Gregory, 271 AD2d 596 [2000]).
Defendant argues, in support of his motion, that he is exempt from liability as executive director of the BBA, which confers qualified immunity status pursuant to section 10 of the BBA’s *817 Rules, and that, as a result, plaintiff fails to state a legal claim against which relief can be granted. Section 10 (b) of the BBA Rules provides, in pertinent part, that:
“As to the Arbitrator(s); the local Administrator; the Brooklyn Bar Association and its employees or agents; [t]he parties to the Arbitration administered by the Brooklyn Bar Association, by their participation agree and acknowledge that in connection with the arbitration process, no civil liability shall attach to any person enumerated above and that the Panel shall have the same immunity that attached in judicial proceedings.”
Plaintiff, in opposition, argues that section 137.4 of the Rules of the Chief Administrator is silent regarding the immunity of arbitrators participating in the program, and that defendant’s reliance on section 10 (b) of the BBA Rules is an attempt to shield defendant from personal liability.
“[0]n a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated” (see, Thoubboron v Convery, 306 AD2d 521, 522 [2d Dept 2003]).
Since section 10 (b) of the BBA Rules was implemented as part of the fee dispute resolution program, as set forth in the Rules of the Chief Administrator with the approval of the Presiding Judge of this judicial district, plaintiffs interpretation of the Rules of the Chief Administrator is meritless, and, therefore, affords him no possibility of success.
Accordingly, based on oral argument and consideration of the papers submitted herein, the court finds that plaintiff has failed to state a cause of action upon which relief can be granted. Defendant’s motion is granted and plaintiffs small claims action bearing index number SCK 3944/05 is dismissed.

. Section 137.4 (a) of the Rules of the Chief Administrator provides that a “fee dispute resolution program . . . approved by the Presiding Justice of the Appellate Division in the judicial department where the program is established . . . shall be established and administered by a local bar association (the arbitral body) to the extent practicable.”

. Section 14 of the Brooklyn Bar Association’s Rules, entitled “Formal Mediation,” provides, in pertinent part, that “[i]f the parties are unable to reach a mediated agreement, the mediator will refer the matter hack to the Administrator for assignment to an Arbitration Panel pursuant to the Rules of the Association’s Part 137 Program.”

. The plaintiff claims that the $500 represents the $175 fee, plus a $25 sheriffs fee, and $300 in damages for breach of the agreement.