OPINION OF THE COURT
Mary H. Smith, J.
It is ordered and adjudged that these motions are disposed of as follows:
*681 Plaintiff-counterclaim defendant’s motion seeking an order dismissing the counterclaim pleading negligent supervision is granted. No opposition. Defendant’s counterclaim against Rima Adorno, the infant’s mother, is based solely upon her having permitted, on January 15, 2007, the infant’s father to take the then six-year-old infant to work at a construction site, whereupon the infant was injured when he threw a can of what he had thought was water, but which in fact was gasoline, on a fire being used to burn forms as part of defendant’s business. The record is not clear as to whether the infant’s father had been directly supervising the infant at the time of this incident.*
It is well-settled New York law that there is no cognizable cause of action against a parent for negligent supervision of his child. (See Holodook v Spencer, 36 NY2d 35 [1974]; Wheeler v Sears Roebuck & Co., 37 AD3d 710 [2d Dept 2007]; Thurel v Varghese, 207 AD2d 220 [2d Dept 1995].) Necessarily, the counterclaim must be and is hereby dismissed. /
Addressing next defendant’s cross motion seeking an order dismissing the complaint pursuant either to CPLR 3211 or 3212 and plaintiffs cross motion seeking summary judgment on the issue of liability, it is defendant’s contention that plaintiff is attempting to do an end run around the prohibition against a claim against a parent for negligent supervision by instead suing the company owned by the infant’s father. According to defendant, defendant construction company does not own the property where the accident occurred, it did not owe any duty to the six-year-old infant visiting the construction site and the subject accident occurred solely as a result of the infant’s father’s failure to properly have supervised his son.
Plaintiff argues, however, that at the time of the accident, John Adorno was in the course of his employment, performing defendant corporation’s business for the benefit of said defendant, defendant’s employees were supervising the infant and defendant owed a duty to the infant to protect him as it would any other member of the general public. Plaintiff insists that defendant is liable for creating and allowing a foreseeably haz *682 ardous condition to exist on the premises notwithstanding the infant’s presence.
“The threshold question in any negligence action is whether the alleged tortfeasor owes a duty of care to the injured party (Espinal v Melville Snow Contrs., Inc., 98 NY2d 136, 138 [2002]; Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]), and the existence and scope of that duty is a legal question for the courts to determine (532 Madison Ave. Gourmet Foods, Inc. v Finlandia Ctr., Inc., 96 NY2d 280, 288 [2001]; Echorst v Kaim, 288 AD2d 595, 596 [2001]). Indeed, ‘[i]n the absence of duty, there is no breach and without a breach there is no liability’ (Pulka v Edelman, 40 NY2d 781, 782 [1976]; Dugue v 1818 Newkirk Mgt. Corp., 301 AD2d 561, 562 [2003]; Petito v Verrazano Contr. Co., Inc., 283 AD2d 472, 474 [2001]) . . . Moreover, foreseeability . . . generally presents a factual question and does not determine the existence of duty, but, rather, the scope of that duty once it is determined to exist. (Eiseman v State of New York, 70 NY2d 175, 187 [1987]; Pulka v Edelman, 40 NY2d at 785; Petrosky v Brasner, 279 AD2d 75, 78, [2001], lv denied 96 . NY2d 711 [2001]; see also Lauer v City of New York, 95 NY2d 95, 100 [2000] [‘(w)ithout a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm]’).” (Sheila C. v Povich, 11 AD3d 120, 125-126 [1st Dept 2004].)
Fixing the scope of the duty, however, is a difficult task, requiring the delicate balancing of a number of public policy considerations regarding societal risks and the allocation of burdens of loss and reparation. (See Hamilton v Beretta U.S.A. Corp., supra, 96 NY2d at 232; Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 585-586 [1994]; Sheila C. v Povich, supra, 11 AD3d at 126.)
After this court’s careful consideration of the facts at bar and the parties’ respective arguments, and upon applying the foregoing principles of law, the court finds no basis for finding that the incident which had occurred fell within the scope of defendant’s duty and thus that there is no basis to impose liability upon said defendant for the infant’s injuries. Accordingly, defendant’s dispositive cross motion is granted; concomitantly, plaintiffs cross motion for judgment on liability is denied.
*683 It is beyond cavil that the infant’s father voluntarily had elected to take his six-year-old son to a construction work site and that the child’s presence at the site was not at defendant’s invitation, but rather solely at the invitation of the infant’s father. Notwithstanding that the father is the principal owner of defendant, plaintiffs attempt to blur the distinction between the infant’s father and his relation to the corporate defendant as a basis for imposing liability upon defendant is unavailing. The father had enjoyed two separate and discrete roles at the time of the infant’s injury, that of the child’s father and that as defendant business owner. The child had not been an invitee of defendant to whom defendant had owed a duty; indeed, it cannot be gainsaid that the child’s presence at the work site did not in any way further defendant’s business and that the child’s tossing, notably with his father’s permission, of a gasoline-filled can into an open fire which had been burning for a business purpose also was not in the furtherance of defendant’s business. In the circumstances presented, the safety and care of the infant solely and exclusively befell his father, in his role as father, and as a matter of law did not impose any duty upon the corporate defendant.
This action is hereby dismissed.

 The now seven-year-old infant has submitted an affidavit wherein he states that his father had left him “with some workers who were watching [him] while he went somewhere,” whereas the father, in a recorded statement to defendant’s insurance carrier which is claimed to have been created by the carrier within a reasonable time following the occurrence and in the ordinary course of the insurance company’s business, makes no mention of his having left his son under the supervision of other employees.