■ HORACE J. GIBBS, Appellant, v EDWIN G. MOORE III, Respondent. [848 NYS2d 266]—

In an action to recover on a promissory note, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Liebowitz, J.), dated March 2, 2007, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The documents submitted by the defendant in support of his motion established the existence of an accord and satisfaction by way of a substituted agreement. They clearly manifest the parties' intent that the obligation evidenced by a promissory note dated August 15, 1994, would be satisfied by the defendant's execution of a separation agreement settling a Maryland divorce action pending between him and the plaintiff's daughter. The separation agreement was signed on the same date that the parties signed a discrete agreement as to the promissory note (hereinafter the note agreement). The note agreement referenced the separation agreement and provided, inter alia, that the promissory note "is hereby paid and satisfied and it shall be so marked 'Paid and Satisfied.' " That this was the parties' intent is further confirmed by the handwritten entry of the term "Satisfied in full," in what appears to be the plaintiff's own hand, on the original promissory note, and the plaintiff's inscription of his signature immediately under that term (see Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383-384 [1993]; Merrill Lynch Realty/Carll Burr, Inc. v Skinner, 63 NY2d 590, 596 [1984]).

The plaintiff's allegations in his complaint, even together with those in his affidavit, to the effect that it was the parties' intent that the cancellation of the promissory note would not take effect until after the defendant had fully complied with the

terms of the separation agreement, are flatly contradicted by the documentary evidence. Thus, they did not provide a basis upon which to deny the motion (*see Peters v Accurate Bldg. Inspectors Div. of Ubell Enters., Inc.*, 29 AD3d 972 [2006]; *Dann v King Assoc.*, 303 AD2d 539 [2003]; *Roth v Goldman*, 254 AD2d 405 [1998]). Miller, J.P., Ritter, Florio and Dillon, JJ., concur.