■ Christopher W. Pallotta, Plaintiff, v City of New York, Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. Urbitran Corp., Third-Party Defendant-Respondent. [941 NYS2d 518]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated May 5, 2011, which granted the third-party defendant's motion, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the third-party complaint for contribution and indemnification.

Ordered that the order is affirmed, with costs.

On October 28, 2004, the plaintiff allegedly was injured when he lost control of his 2000 Harley Davidson motorcycle while operating it on Amboy Road at or near its intersection with Spratt Avenue in Staten Island. In November 2005, the plaintiff

commenced this action against the City of New York, the New York City Department of Transportation, and Cofire Paving Corporation (hereinafter Cofire) alleging, inter alia, that the accident was caused by a dangerous, unpaved, broken-up roadway and that, in 2004, prior to the accident, Cofire had entered into a contract with the City to perform certain construction, repair, or maintenance work on Amboy Road at or near the intersection with Spratt Avenue. In an order dated April 9, 2008, the Supreme Court granted Cofire's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In support of its motion, Cofire submitted uncontroverted evidence demonstrating that it performed no work at or near the intersection of Amboy Road and Spratt Avenue on or before October 28, 2004.

In August 2010, the City commenced this third-party action against Urbitran Corp. (hereinafter Urbitran) alleging, inter alia, that on or before October 28, 2004, the City had contracted with Urbitran to, among other things, oversee and supervise work and provide consulting services for milling and roadway construction/reconstruction being performed at Amboy Road near the intersection with Spratt Avenue. In February 2011, Urbitran moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the third-party complaint, arguing, among other things, that the milling work it was required to inspect and oversee for the City did not include any work performed at or near the intersection of Amboy Road and Spratt Avenue, prior to and including the date of the accident. In the order appealed from, the Supreme Court granted Urbitran's motion.

The documentary evidence submitted by Urbitran in support of its motion to dismiss the third-party complaint resolved all factual issues as a matter of law and conclusively disposed of the third-party claims (see CPLR 3211 [a] [1]; *Manfro v McGivney*, 11 AD3d 662, 663 [2004]). Thus, since Urbitran demonstrated that it did not perform any services at the alleged accident location prior to or on the date of the accident, the City was not entitled to contractual indemnification, common-law indemnification, or contribution from Urbitran as alleged in the third-party complaint (see *Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 721-722 [2011]).

The City's remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic by our determination. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.