## Williamsburg Hous. Preserv. LP v Thompson

2025 NY Slip Op 33532(U)

September 26, 2025

Civil Court of the City of New York, Kings County

Docket Number: Index No. LT-318634-24/KI

Judge: Hannah Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

Civil Court of the City of New York
County of Kings

Index #  **LT-318634-24/KI**

WILLIAMSBURG HOUSING PRESERVATION LP

                                       Petitioner(s)

           -against-

DAWN THOMPSON; "JOHN" "DOE"; "JANE" "DOE"

                                    Respondent(s)

**Decision / Order**

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed | 1 |
| Answering Affidavits/ Affirmation, Notice of Cross motion | 2 |
| Answering Affidavits/ Affirmations | 3 |

Upon the foregoing cited papers the Decision and Order on the Motion and Cross Motion are as follows:

Petitioner commenced this holdover proceeding on or around June 18, 2024, after service of a Fifteen (15) Day Notice to Cure and Thirty (30) Day Notice of Termination alleging that respondent failed to provide access to the subject premises on February 1, 2024, February 6, 2024, and February 9, 2024 to inspect and repair the conditions in respondent's apartment which are listed with specificity in the Notice to Cure. Petitioner alleges the premises is not subject to rent stabilization and is subject to NYCHA and HUD requirements for tenancy under Rental Assistance Demonstration (RAD) pursuant to section 6 of the United States Housing Act of 1937 and regulations per 24 CFR section 983 et seq. Respondent, Dawn Thompson, with counsel filed an answer on June 25, 2025 asserting affirmative defenses and counterclaims.

Now, respondent by motion seeks a dismissal of the petition pursuant to CPLR §3211(a)(1) upon documentary evidence, CPLR §3211(a)(7) for petitioner's failure to state a cause of action, and CPLR §404(a) and RPAPL §741(4) for facial insufficiency, because the predicate notices did

-1-

[* 1]

not include a "Notice of Occupancy Rights" and a "certification form" as mandated by the federal Violence Against Women Act ("VAWA).

Petitioner cross moves to amend the affidavit of service of the notice of petition and petiton filed on January 31, 2025 pursuant to CPLR§ 2001 to correct the missing notation on the affidavit of service. Petitioner argues that the VAWA notice was included in the service of the notice of petition and petition but not expressly listed on the affidavit of service. Notably, petitioner does not address whether the VAWA notice was served upon the respondent along with the Thirty Day (30) Notice of Termination (the "Termination Notice").

Respondent, in opposition, argues that petitioner seeks to alter the original affidavit of service by modifying the text within the document after it had been created and signed before a notary public to now include "VAWA Notice and VAWA Certification Form." which is improper. Additionally, petitioner fails to address whether the VAWA notice was served with the Termination Notice.

On a motion to dismiss pursuant to CPLR 3211(a), a court must determine whether accepting as true the factual allegations in the petition and affording the petitioner the benefits of any favorable inferences, the petitioner can succeed upon any reasonable views of the facts and whether the pleadings have a cause of action (See *Rochdale Village Inc., v Zimmerman*, 2 AD3d 827 [AD 2 nd Dept 2003]). Additionally, the allegations in the pleadings cannot be vague or conclusory (see *Stolanoff v Gahona*, 248 AD2d 525 [AD 2nd Dept 1998]). The courts' role in determining a motion to dismiss, is limited to determining whether the complaint states a cause of action (*Frank v Daimler Chrysler Corp.*, 292 AD2d 118 [1 st Dept 2002]). The standard is not whether a party has artfully drafted the pleadings, but whether deeming the pleading to allege

- 2 -

[* 2]

whatever can be reasonably implied for its statements, a cause of action may be sustained (*Stending Inc. v Thom Rock Realty Co.*, 163 AD2d 46 [ st Dept 1990]). The pleading must be liberally construed, and the court must accept the allegations as true (see M*BK Associated of New York LLC v Waddell*, 2005 WL 5959961 [NY Co Supreme 2005]). If the allegations manifest any cognizable cause of action, the motion must be denied (See *Fishberger v Vos*, 51 AD3d 627 [2 nd Dept 2008]).

Pursuant to the Code of Federal Regulation, Title 24 - Housing and Urban Development, "a covered housing provider must provide to each …of its tenants the notice of occupancy rights and the certification form …with any notification of eviction". 24 C.F.R.§ 5.2005(a). It is not disputed that petitioner is a "covered housing provider" and participated in a "covered housing program" which includes "HUD programs assisted under the United States Housing Act of 1937; specifically . . . tenant-based . . . rental assistance under section 8 of the 1937 Act."

Petitioner does not refute the sworn statement of respondent in which she states that she did not receive a VAWA notice when she was served with the Termination Notice. Courts have held that failure to serve a requisite VAWA rider on a tenant when eviction is sought is subject to dismissal. *Carnegie Park Preserv. LP v Cintron*, 2024 WL 3624302 (Civ. Ct. N.Y. County, April 29, 2024). *Rahman v Lewis*, 84 Misc.3d 720 (Civ. Ct. Bx County, 2024); *l47l Brooklyn LLC v Glanville*, 2024 NYLJ LEXIS 3639 (Civ Ct, Kings County 2024). Petitioner, although submitting a revised affidavit of service failed to include an affirmation by the process server that he indeed served the VAWA rider and any omission in the affidavit of service was a typographical error. As such, petitioner failed to prove service of the VAWA notice along with the Termination Notice, which mandates dismissal of the petition.

[* 3]

In light of the foregoing, the court does not reach the remaining branches of respondent's motion and respondent's motion to dismiss is granted. Petitioner's cross-motion to is denied as moot. Petition is dismissed without prejudice. This constitutes the decision and order of this court.

Date: September 26, 2025

_____
Hon. Hannah Cohen
Housing Court Judge

HANNAH COHEN
JUDGE, HOUSING COURT

-4-

[* 4]